Case 7:20-cv-00015 Document 18 Filed on 11/06/20 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA REYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00015 |
| | § | |
| PLAINSCAPITAL BANK, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers the "Defendant PlainsCapital Bank's Motion for Summary Judgment and Brief in Support,"[1] Maria Reyes's (Plaintiff) response,[2] and PlainsCapital Bank's (Defendant) reply.[3] This issue is now ripe. With its reply, Defendant also filed a motion to strike.[4] The Court sua sponte addresses this motion, because it needs no briefing on the issue. After duly considering the record and relevant authorities, the Court **DENIES** Defendant's motion to strike,[5] **GRANTS** the Defendant's motion for summary judgment,[6] and **DISMISSES WITH PREJUDICE** Plaintiff's action.

I. **BACKGROUND AND PROCEDURAL HISTORY**

This is a foreclosure case involving three consecutive lawsuits. On June 27, 2011, Plaintiff Maria Reyes executed a Promissory Note[7] (Note) and secured Deed of Trust[8] (Deed) on

---

[1] Dkt. No. 15.
[2] Dkt. No. 16.
[3] Dkt. No. 17.
[4] *Id*. at 2.
[5] *Id*. at 2.
[6] Dkt. No. 15.
[7] Dkt. No. 15-2 at 1–8.
[8] Dkt. No. 15-3 at 1–29.

a property located at 3114 Page Avenue, Edinburg, Texas 78539[9] (the Property). Defendant PlainsCapital Bank is the holder of the Promissory Note and beneficiary of the Deed of Trust executed by Plaintiff on the Property.[10]

Plaintiff ceased making payments required under the Note on October 5, 2017.[11] Defendant sent Plaintiff a notice of default over a year later, on October 22, 2018, informing Plaintiff that if she failed to cure the default by November 26, 2018, the sums secured by the Deed would be accelerated.[12] According to Defendant, the Note is currently due for the October 5, 2017 payment and all subsequent payments.[13]

After receiving the notice of default, Plaintiff filed three consecutive lawsuits to enjoin the foreclosure. Plaintiff filed her first lawsuit against Defendant on April 1, 2019, in County Court at Law No. 5, Hidalgo County, Texas, alleging that Defendant violated 12 C.F.R. § 1024.41(f)(1)(i).[14] On April 24, 2019, the suit was dismissed without prejudice.[15] Plaintiff filed her second lawsuit against Defendant on June 3, 2019, in County Court at Law No. 5, Hidalgo County, Texas.[16] In this second petition, Plaintiff brought a nearly identical claim, again alleging that Defendant violated 12 C.F.R. § 1024.41(f)(1)(i).[17] After the parties came to a settlement,[18] the suit was dismissed *with prejudice* on July 12, 2019.[19] Plaintiff filed the third and present lawsuit against Defendant on January 6, 2020, in County Court at Law No. 5, Hidalgo County,

---

[9] Dkt. No. 15 at 1, ¶ 1.
[10] *Id*. at 2, ¶ 4 (citing Dkt. No. 15-1 and Dkt. No. 15-4).
[11] Dkt. No. 15-5.
[12] Dkt. No. 15-1 at 1, ¶ 6 (Affidavit of Diane McCormick, Vice President - Document Execution, Cenlar FSB, mortgage servicer on behalf of Defendant) (citing Dkt. No. 15-5).
[13] Dkt. No. 15 at 2, ¶ 5 (citing Dkt. No. 15-1).
[14] Dkt. No. 15-7.
[15] *Id*. at 11.
[16] Dkt. No. 15-7.
[17] Dkt. No. 15-8 a 4, ¶¶ 8–10.
[18] Dkt. No. 17-3 at 2–6.
[19] Dkt. No. 15-6.

Texas.[20] The state court granted a Temporary Restraining Order on January 7, 2020.[21] Defendant then removed the case to this Court on January 20, 2020.[22] In this suit, Plaintiff again asserts that Defendant violated 12 C.F.R. § 1024.41(f)(1)(i).[23] In contrast with the two previous petitions, however, Plaintiff argues that Defendant's conduct after the dismissal of the second case constituted a violation of the regulation.[24]

In her original state court petition, Plaintiff alleges that "Defendant informed Plaintiff that her loan modification request was approved by Defendant" in September 2019.[25] Plaintiff alleges that she then sent a signed loan modification agreement to Defendant in September 2019 and, later, sent the first payment due under the alleged loan modification agreement in October 2019.[26] According to Plaintiff, Defendant then returned the October 2019 payment and stated that the loan modification agreement was being denied because it was not timely returned by Plaintiff to Defendant.[27] Plaintiff alleges that she timely returned the signed modification agreement, but that Defendant misplaced it.[28] Thereafter, Defendant accelerated the mortgage and sent Plaintiff its Notice of (Substitute) Trustee's Sale on November 15, 2019.[29] The sale was set for January 2020.[30]

As the basis for this third petition, Plaintiff alleges that the loan modification application was approved in September 2019.[31] Thus, by accelerating the mortgage in November 2019,

---

[20] Dkt. No. 1-3 at 2.
[21] *Id.* at 16–18.
[22] Dkt. No. 1.
[23] Dkt. No. 1-3 at 4, ¶ 8.
[24] *Id.* at 3–4, ¶ 7.
[25] *Id.*
[26] *Id.* at 3–4, ¶¶ 7–9.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.* at 4–5, ¶¶ *8–14.*

Defendant violated the 120-day grace period under 12 C.F.R. § 1024.41(f)(1)(i).[32] Defendant denies the existence of the alleged September 2019 loan modification agreement and asserts that Plaintiff has failed to cure her default at any time since 2017.[33]

On September 14, 2020, Defendant brought this motion for summary judgment.[34] Plaintiff timely responded.[35] In Defendant's subsequent reply, it also filed a motion to strike.[36]

Before the Court assesses Defendant's motion for summary judgment, the Court acknowledges Defendant's "Motion to Strike" which requests the Court strike "Plaintiff's evidence attached to its Response."[37]

## II. MOTION TO STRIKE

In its motion to strike, Defendant requests the Court strike the evidence Plaintiff attached to her response.[38] Plaintiff attached her verified original state court petition and her affidavit from this case as the sole evidence in support of her response.[39]

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Defendant does not argue that the evidence Plaintiff provides is redundant, immaterial, impertinent, or scandalous. Rather, in support of its motion, Defendant argues that Plaintiff's pleadings are not proper evidence because "a summary judgment motion may not rest upon mere allegations contained in the pleadings."[40] While this legal standard is relevant to the sufficiency of the proof plaintiff offers in support of her complaint, it is not a basis for striking the entirety of Plaintiff's offered

---

[32] *Id.*
[33] Dkt. No. 15 at 3, ¶ 8; Dkt. No. 17 at 3, ¶ 6.
[34] Dkt. No. 15.
[35] Dkt. No. 16.
[36] Dkt. No. 17.
[37] *Id.*
[38] *Id.* at 2 ¶¶ 4–5.
[39] Dkt. No. 16 at 7–17.
[40] *Id.*, ¶ 4 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986)).

evidence. On summary judgment, "factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."[41] The factual allegations in Plaintiff's verified petition and affidavit are therefore appropriate summary judgment evidence. Accordingly, the Court **DENIES** Defendant's motion to strike[42].

### III. MOTION FOR SUMMARY JUDGMENT

#### a. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A principal purpose of this rule "is to isolate and dispose of factually unsupported claims or defenses" and it should be interpreted to accomplish this purpose.[43]

To prevail on a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case.[44] Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the nonmovant's case.[45] If the movant meets its initial burden, the nonmovant then "must *go beyond the pleadings* and designate specific facts showing that there is a genuine issue for trial."[46]

The nonmovant is "required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[47] Failure to do so will render all other facts immaterial and "mandates a finding that no genuine issue of fact exists."[48]

---

[41] *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003).
[42] Dkt. No. 17 at 2.
[43] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[44] *Id.* at 323.
[45] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).
[46] *Id.* (emphasis added).
[47] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[48] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)("A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts

The nonmovant's demonstration cannot consist solely of conclusory statements or allegations, "speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[49] The nonmovant needs to provide more than a "mere scintilla of evidence" to raise a genuine issue of material fact.[50]

Summary judgment may be granted only if there is no genuine issue of material fact.[51] "A fact is 'material' if its resolution could affect the outcome of the action,"[52] while a "genuine" issue is present "only if a reasonable jury could return a verdict for the nonmovant."[53] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[54] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[55]

In evaluating whether summary judgment is proper, the Court does not weigh the evidence or evaluate the credibility of witnesses.[56] It views all facts and inferences in the light most favorable to the nonmovant.[57] This means the Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both

---

immaterial and mandates a finding that no genuine issue of fact exists."); see *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quotation and alteration omitted) ("When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case.").

[49] *United States ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008); see *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)("conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment."); see also *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991) ("[T]he party responding to a summary judgment motion must support her response with specific, non-conclusory affidavits or other competent summary judgment evidence.").

[50] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); accord *Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019).

[51] Fed. R. Civ. P. 56.

[52] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007).

[53] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

[54] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[55] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

[56] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).

[57] *Id.*

parties have submitted evidence of contradictory facts."[58] The Court will draw only *reasonable* inferences in the nonmovant's favor and will not countenance "senseless" theories or leaps in logic.[59] The Court is under no duty to sift through the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[60] The Court does not "assume in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[61]

### b. Analysis

In Defendant's motion for summary judgment, it argues that Plaintiff's claims under the Real Estate Settlement Procedures Act (RESPA) fail as a matter of law. Because Plaintiff's RESPA claim fails, Defendant argues that Plaintiff's claims for injunctive relief and attorneys' fees should also fail. Defendant further argues that Plaintiff's suit is barred by res judicata, but the Court declines to address this argument as the motion is resolved by the other two.

#### 1. Plaintiff's State Court Petition

Plaintiff's petition alleges several related claims against Defendant. As an initial matter, the Court must determine what actionable claims Plaintiff brings against Defendant in her original state court petition.[62] Plaintiff's state court petition primarily alleges that by instigating foreclosure proceedings on November 15, 2019 "even though the loan modification application

---

[58] *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).
[59] *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 468–69 & n.14 (1992).
[60] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[61] *Boudreaux*, 402 F.3d at 540 (quotation omitted) (emphasis in original).
[62] Dkt. No. 1-3 at 2–6.

was approved on or about September 2019," Defendant violated 12 C.F.R. § 1024.41(f)(1)(i)[63] which is enforceable under RESPA.[64] This is Plaintiff's primary substantive claim.

Plaintiff further alleges that "Defendant is attempting to wrongfully foreclose on Plaintiff's property."[65] To the extent Plaintiff attempts to brings a wrongful foreclosure action, Plaintiff does not allege that a foreclosure occurred or that she sustained any material injury.[66] Thus, the court does not construe wrongful foreclosure as one of Plaintiff's claims.

Plaintiff also requests that on the basis of Defendant's RESPA violation, Defendant "be estopped and equitably estopped from benefiting from its misplacement or loss of the signed loan modification agreement."[67] She further requests that the Court order a temporary restraining order and permanent injunction enjoining foreclosure of the Property, and attorneys' fees under the Texas Uniform Declaratory Judgment Act.[68] Under both Texas and Federal law, attorney fees and injunctive relief depend on the assertion of a viable underlying substantive cause of action.[69] As an underlying basis for her request for injunctive relief and attorneys' fees, Plaintiff asserts Defendant's alleged RESPA violation.[70] The Court turns first to the Plaintiff's request for equitable estoppel and then to Plaintiff's RESPA claim to resolve the remaining claims.

2. *Plaintiff's Request for Equitable Estoppel*

---

[63] *Id*. at 4, ¶ 11.
[64] 12 U.S.C. § 2605.
[65] Dkt. No. 1-3 at 4, ¶ 11.
[66] *See Water Dynamics, Ltd. v. HSBC Bank USA, NA*, 509 F. App'x 367, 368 (5th Cir. 2013) ("The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).
[67] Dkt. No. 1-3 at 4, ¶ 16.
[68] *Id*. at 6–7, ¶¶ 1–3.
[69] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014); *see also Sid Richardson Carbon & Gas. Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (holding Texas Uniform Declaratory Judgments Act is merely procedural device which does not create any substantive rights or causes of action); *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) (holding operation of federal Declaratory Judgment Act is procedural only); *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.–Houston [1st Dist.] 2008, no pet.) ("[I]njunction is an equitable remedy, not a cause of action."), *overruled on other grounds*.
[70] Dkt. No. 1-3 at 4–7, ¶¶ 11–16, 1–7.

In her original petition, Plaintiff requests that Defendant "be estopped and equitably estopped" from benefitting from its misplacement of the September 2019 loan modification agreement. Plaintiff does not specifically assert equitable estoppel as cause of action and Defendant does not address it. Nonetheless, the Court briefly considers equitable estoppel.

In general, equitable estoppel requires:

> (1) a material misrepresentation or concealment (2) made with actual or constructive knowledge of the true facts (3) with the intent that the misrepresentation or concealment be acted upon (4) by a third party without knowledge or means of knowledge of the true facts (5) who detrimentally relies or acts on the misrepresentation or concealment.[71]

In both her original petition and in her affidavit, Plaintiff alleges that her loan modification application was approved but Defendant misplaced it,[72] yet Plaintiff fails to offer any proof of this beyond her own statement. While a plaintiff's statement may in some instances be proper summary judgment evidence, here, the Court finds the statement to be conclusory. However, even if Plaintiff's statement is nonconclusory, Plaintiff does not claim that she relied, nor would she rely on the misplacement of the application. On this basis, to the extent Plaintiff asserts a claim for equitable estoppel, it fails as a matter of law.

### 3. Plaintiff's RESPA Claim

Plaintiff claims that Defendant failed to comply with the time requirements of the 12 C.F.R. § 1024.41(f)(1)(i)[73] by sending the November 2019 foreclosure notice less than 120 days after the Plaintiff submitted the "approved" September 2019 loan modification agreement.[74] The provision that Plaintiff relies on states: "A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless . . . [a]

---

[71] *Matter of Christopher*, 28 F.3d 512, 520 (5th Cir. 1994).
[72] Dkt. No. 1-3 at 4–5, 9–10.
[73] Enforceable via 12 U.S.C. 2605(f) of RESPA. *See* 12 C.F.R. § 1024.41(a).
[74] Dkt. No. 1-3 at 3, ¶¶ 4–8.

borrower's mortgage loan obligation is more than 120 days delinquent."[75] Defendant argues that Plaintiff does not qualify for relief under RESPA because the 12 C.F.R. 1024.41 requirements only apply to a borrower's *first* loan modification application.[76] Under the regulation:

> A servicer must comply with the requirements of this section for a borrower's loss mitigation application, *unless* the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.[77]

In support of its argument, Defendant provides a letter, dated December 26, 2018, denying a previous loss mitigation application submitted by the Plaintiff.[78] In response, Plaintiff only provides the facts she alleges in her original verified petition and her attached affidavit, which conclusorily state that she sent a signed "approved" loan modification agreement to Defendant in September 2019, that Defendant subsequently "misplaced."[79] She does not provide any proof that the loan was taken out of delinquency at this time.

Defendant's December 2018 loan modification denial letter,[80] therefore, satisfies Defendant's burden to demonstrate no genuine dispute that the September 2019 loan modification application was *not* Plaintiff's first loss mitigation application. Plaintiff bears the burden of proof at trial and failed to provide even a scintilla of evidence the loan was taken out of delinquency at any time after October 2017. Because the loan has been delinquent at all times since the Plaintiff submitted the prior application—and there is no evidence to the contrary—the 120-day grace period requirement under 12 C.F.R. § 1024.41(f)(1)(i) does not apply.[81]

---

[75] *Id.* § 1024.41(f)(1)(i).
[76] Dkt. No. 15 at 6, ¶ 13, and Dkt. No. 17 at 2, ¶ 3.
[77] 12 C.F.R. § 1024.41(i)(emphasis added).
[78] Dkt. No. 17-2 at 4–7.
[79] Dkt. No. 16 at 8–9, ¶ 7.
[80] Dkt. No. 17-2.
[81] *See* 12 C.F.R. § 1024.41(i).

Defendant was not bound by the requirements of the section and cannot be liable for not complying with the requirements.

As the Defendant's alleged violation of the regulation is the sole basis for Plaintiff's complaint, Plaintiff's claim fails as a matter of law.

### 4. Plaintiff's Claim for Injunctive Relief and Attorneys' Fees

In her petition, Plaintiff claims that she is entitled to injunctive relief and attorneys' fees under the Texas Uniform Declaratory Judgments Act. Under both Texas and Federal law, attorneys' fees and injunctive relief depend on the assertion of a viable underlying substantive cause of action.[82] As bases for injunctive relief, Plaintiff only offers Defendant's alleged violation of 12 C.F.R. § 1024.41(f)(1)(i) and her request for equitable estoppel.[83] As outlined above, Plaintiff's claim under this regulation fails as a matter of law. Plaintiff's request for equitable estoppel also fails. Plaintiff's claims for injunctive relief and attorneys' fees on these bases, therefore, fail as a matter of law.

### I. HOLDING

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment.[84] The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims and Plaintiff's action. Pursuant to Rule 56, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of November 2020.

_____
Micaela Alvarez
United States District Judge

---

[82] *Williams, et al., supra* note 69.
[83] Dkt. No. 1-3 at 5, ¶ 13.
[84] Dkt. No. 15.